## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 52246

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 15, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ADRIAN LEE BENNINGFIELD, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment after retained jurisdiction and order of probation, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Adrian Lee Benningfield pleaded guilty to aggravated battery, Idaho Code § 18-903, -907(1)(a). The district court imposed a unified sentence of eight years, with a minimum period of incarceration of three years, suspended the sentence, and placed Benningfield on probation for a period of eight years. Benningfield appealed from his judgment of conviction and this Court affirmed the judgment of conviction and sentence in an unpublished opinion. *State v. Benningfield*, Docket No. 49952 (Ct. App. May 22, 2023). Subsequently, Benningfield admitted to violating the terms of his probation and the district court revoked probation, ordered execution

1

of the underlying sentence, and retained jurisdiction.[1]  After a period of retained jurisdiction, the district court suspended Benningfield's sentence and placed him on probation for a period of seven years.[2]  "Mindful" that he was placed on probation and did not request a specific period of probation, Benningfield appeals contending the district court abused its discretion by ordering an excessive period of probation.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, the district court's judgment after retained jurisdiction and order of probation is affirmed.

---

[1]     Benningfield filed an untimely Idaho Criminal Rule 35 motion and requested that the district court reconsider its decision to retain jurisdiction and instead place Benningfield on probation.  The district court denied Benningfield's I.C.R. 35 motion.  The denial of this motion is not at issue on appeal.

[2]     Benningfield filed a second I.C.R. 35 motion and asked the district court to reduce the length of his probation.  The district court denied the motion on the basis that Benningfield provided no new or additional information.  The denial of Benningfield's second I.C.R. 35 motion is not at issue on appeal.